IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TIMOTHY E. KELLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:17-cv-1597 |
| | ) Judge Aleta A. Trauger |
| DINA KULENOVIC et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff Timothy E. Kelly, proceeding *pro se*, has filed a civil complaint under §1983 against defendants Dina Kulenovic, Mark Collins, Amanda Hynes and Shawn Phillips. (ECF No. 1.) Before the court is the plaintiff's application to proceed *in forma pauperis* (ECF No. 3.) In addition, his complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

  **I. Application to Proceed as a Pauper**

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Because the plaintiff properly submitted an application to proceed *in forma pauperis* and because it appears from his submissions that the plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance, the application (ECF No. 3) will be granted.

However, under § 1915(b), the plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA

provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, the plaintiff will be assessed the full $350 filing fee, to be paid as directed in the accompanying order.

**II. Initial Review**

Pursuant to 28 U.S.C. § 1915(e)(2), the court is required to conduct an initial review of any complaint filed *in forma pauperis* and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. *Begola v. Brown*, 172 F.3d 47 (Table), 1998 WL 894722, at *1 (6th Cir. Dec. 14, 1998) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007)). The court must construe a *pro se* plaintiff's complaint liberally, *Boag v. McDaniel*, 454 U.S. 364, 365 (1982), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

**A. <u>Factual Allegations</u>**

The plaintiff has a long history of mental illness, dating back to when he was seven years old. He has received in-patient and out-patient treatment at various facilities in Middle Tennessee. (ECF No. 1 at Page ID# 4.) In 2017, while incarcerated at the Riverbend Maximum Security Institution ("RMSI"), the plaintiff began experiencing extreme episodes of schizophrenia which caused him to "blank out" and cut his arms "to the point where I would lose large amounts of blood." (*Id.* at Page ID# 2.) The plaintiff alleges that he was referred to defendant Kulenovic, who ignored his condition and, along with defendant Collins, refused to provide necessary treatment as requested by the mental health therapists assigned to Unit 4. (*Id.*) The plaintiff alleges that he "would flip out lose sense of reality and self-mutilate repeatedly" but

2

instead of being referred to a doctor or institution like the Lois M. DeBerry Special Needs Facility, the plaintiff was placed in four-point restraints and housed in a high security housing unit that required 24-hour lock-down in a cell, or when given recreation, the plaintiff was allowed out for one hour. (*Id.* at Page ID# 3.)

The plaintiff alleges that defendant Hynes does not provide adequate care in compliance with TDOC Policy 113.87, which requires that "Level 3 SLU" inmates be provided "a structured environment designed to assist seriously mentally ill inmates in functioning psychosocially and vocationally at the highest possible level within the correctional setting" and requires at least four hours of group therapy daily. (*Id.*) Plaintiff alleges that defendant Hynes forced him to live in a harsh SuperMax prison when she was well aware that this was an unsuitable placement for the plaintiff. (*Id.*)

Defendant Phillips was well aware that mentally ill inmates were not getting the services required by TDOC policy but allowed this situation to occur and did not do anything to change the situation. (*Id.* at Page ID# 4)

The plaintiff alleges that he was transferred to the Morgan County Correctional Complex because of the grievances and complaints he filed while housed at RMSI. (*Id.*)

The plaintiff alleges claims for violation of his Eighth Amendment rights, retaliation and violation of the Americans with Disabilities Act (ADA). As relief, the plaintiff seeks monetary damages and a transfer to a suitable facility.

### B. Standard of Review

If an action is filed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In assessing whether the complaint in this case states a claim on

which relief may be granted, the court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as construed by *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that "the dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim under [§ 1915(e)(2)(B)(ii)] because the relevant statutory language tracks the language in Rule 12(b)(6)"). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks and citation omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The court is not required to create a claim for the plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir. 1975); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out

in his pleading") (internal quotation marks and citation omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her").

    C. **Discussion**

        1. Eighth Amendment Violation

The plaintiff alleges that he is severely mentally ill and has been for many years. He alleges that, in 2017, he had a psychotic break, at which time he was very ill, lost touch with reality and repeatedly engaged in self-mutilation. The plaintiff alleges that, despite knowing how ill he was, defendants Kulenovic, Collins and Hynes failed to provide him needed treatment and services, including failing to comply with TDOC policy requirements for mentally ill inmates. Additionally, the plaintiff alleges that, rather than help the plaintiff or obtain help for him, defendants Kulenovic and Collins placed the plaintiff in four-point restraints and housed him in a SuperMax prison where he was locked inside a cell for at least 23, if not 24, hours per day. The plaintiff alleges that defendant Phillips was aware that mentally ill inmates are not getting necessary care but that he is allowing this and failing to do anything about it.

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, including medically necessary mental health treatment, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976); *see also Government of the Virgin Islands v. Martinez*, 239 F.3d 293, 301 (3d Cir. 2001); *Lay v. Norris*, No. 88-5757, 1989 WL 62498, at *4 (6th Cir. June 13, 1989). The Eighth Amendment is

violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004). If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer*, 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

At this juncture, the plaintiff's allegations are sufficient to warrant service of the complaint against all defendants.

2. Retaliation

The plaintiff appears to set forth a retaliation claim. The plaintiff alleges that he was transferred from RMSI to the Morgan County Correctional Complex because he filed grievances and complaints while housed at RMSI.

Retaliation based upon a prisoner's exercise of his constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

The filing of a prison grievance is constitutionally protected conduct for which a prisoner cannot be subjected to retaliation. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001); *Hall v. Nusholtz*, No. 99-2442, 2000 WL 1679458, at *2 (6th Cir. Nov. 1, 2000). While a transfer to another facility can be considered adverse action, the plaintiff's complaint fails to set forth sufficient facts to suggest that the plaintiff's transfer from RMSI to MCCX was an adverse action. The plaintiff does not suggest that he was moved to a more restrictive environment or that the consequences of the transfer affected him in any way. *See Hill v. Lappin*, 630 F.3d 468, 474 (6th Cir. 2010) (holding that transfer to administrative segregation or another prison's lock-down unit can be sufficient to constitute adverse action); *Siggers-El v. Barlow*, 412 F.3d 693, 701-02 (6th Cir. 2005) (holding that transfer that would affect the prisoner's ability to pay his

lawyer, thereby affecting his access to the courts was adverse action); *Pasley v. Conerly*, 345 F. App'x 981, 985 (6th Cir. 2009) (holding that a threat to have a prisoner moved out of the unit so that he would lose his job, together with a threat to influence the warden to have the prisoner transferred to another institution far from his family were sufficiently adverse to be actionable). As such, the plaintiff fails to state a retaliation claim against of the defendants.

3. ADA Claim

Title II of the ADA provides

> . . . that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." § 12132 (2000 ed.). A "'qualified individual with a disability'" is defined as "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." § 12131(2). The Act defines "'public entity'" to include "any State or local government" and "any department, agency, . . . or other instrumentality of a State," § 12131(1). [The Supreme Court has] previously held that this term includes state prisons. See Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206, 210 (1998).

*United States v. Georgia*, 546 U.S. 151, 153-54 (2006). Thus, to state a claim under the ADA, a plaintiff must show that he is "(1) disabled under the statute, (2) otherwise qualified for participation in the program, [services or activities], and (3) being excluded from participation in, denied the benefits of, or subjected to discrimination under[,] the program, [services, or activities] by reason of his disability." *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 453 (6th Cir. 2008).

Assuming that the plaintiff's mental health issue is a disability under the ADA, the plaintiff does not allege that he has been discriminated against or that he has been unable to participate in or receive the benefit of a service, program, or activity available to other inmates by reason of that disability. *See id.* Indeed, the plaintiff alleges that the benefits and services he

seeks, and that he alleges are required by TDOC Policy, are not available at all. Moreover, the plaintiff does not allege that he was denied benefits and service because of his disability. Rather, he alleges, again, that the required benefits and services are simply unavailable. The plaintiff's allegations concerning the absence of mental health services do not state a claim under the ADA. Therefore, the ADA claim will be dismissed.

## III. CONCLUSION

For the reasons set forth herein, the plaintiff has sufficiently stated a claim for violation of his Eighth Amendment rights against all defendants. The plaintiff has failed to state a retaliation claim or a claim for violation of the ADA. Consequently, these two claims will be dismissed. The complaint shall be referred to the Magistrate Judge for further proceedings as described in the accompanying order. An appropriate order is filed herewith.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE