UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TIMOTHY E. KELLY, | |
| Plaintiff, | Case No. 3:17-cv-01597 |
| v. | Judge Aleta A. Trauger |
| DINA KULENOVIC, et al., | Magistrate Judge Alistair E. Newbern |
| Defendants. | |

### MEMORANDUM ORDER

This Order concerns pro se and *in forma pauperis* Plaintiff Timothy E. Kelly's claim against deceased Defendant Mark Collins. Kelly has filed a motion to substitute under Federal Rule of Civil Procedure 25(a)(1) in an effort to pursue that claim. (Doc. No. 44.) For the reasons that follow, Kelly's motion to substitute will be denied, and Kelly will be ordered to show cause why his claim against Collins should not be dismissed without prejudice for failure to effect service of process under Federal Rule of Civil Procedure 4(m) or for failure to prosecute under Rule 41(b).

**I.  Kelly's Motion to Substitute**

Kelly filed the complaint in this action on December 21, 2017, asserting claims against Collins and other defendants under 42 U.S.C. § 1983 for deliberate indifference to his mental health needs while he was incarcerated at the Riverbend Maximum Security Institution in Nashville, Tennessee, and the Morgan County Correctional Complex in Wartburg, Tennessee. (Doc. No. 1.) A summons issued to Collins on April 12, 2018, but was returned unexecuted by the U.S. Marshals Service on May 17, 2018, with the notation that Collins was "deceased." (Doc. No. 14, PageID# 73.)

On January 28, 2019, the Court entered an order noting that Collins had passed away, and explaining that, under Rule 25(a)(1)

> [i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

(Doc. No. 29, PageID# 141 (quoting Fed. R. Civ. P. 25(a)(1)).) The Court found that the 90-day countdown had not yet begun because there was no evidence in the record that a statement noting Collins's death had been served on the parties. (Doc. No. 29.) However, the Court explained that Collins could file a motion to substitute the proper party for Collins without awaiting a formal statement of death. (*Id.*) The Court informed Kelly that, if he intended to prosecute a claim against Collins's estate, he had to file a proper motion to substitute by February 25, 2019. (*Id.*) The Court warned Kelly that failure to comply with its order would likely lead to a recommendation that his claim against Collins be dismissed for failure to prosecute under Rule 41(b). (*Id.*)

Kelly did not file a motion to substitute by the deadline and, on July 8, 2019, the Court ordered Kelly to show cause by July 29, 2019, why this action should not be dismissed for failure to prosecute. (Doc. No. 39.) On September 17, 2019, Kelly filed a motion for an extension of time to respond to the Court's show-cause order, stating that he had been on suicide watch from January to June 2019. (Doc. No. 40.) The Court granted that motion, giving Kelly until October 16, 2019, to file a response to the show-cause order. (Doc. No. 41.) Kelly filed various documents on October 7, 2019, including the pending motion to substitute. (Doc. No. 42–45.) The Court found that Kelly had sufficiently responded to its show-cause order. (Doc. No. 47.)

However, Kelly's motion to substitute is inadequate to grant the requested relief. The motion recites a portion of Rule 25(a)(1) and then asks the Court to substitute and serve "the proper

2

parties for [Mark Collins's] estate . . . ." (Doc. No. 44.) When a deceased defendant has been sued under § 1983 in his individual capacity, as Collins has been here, "the proper party to substitute is the successor of the deceased or the representative of his estate." *Wilcox v. Ohio Penal Indus.*, No. 1:07CV554, 2009 WL 4730223, at *2 (S.D. Ohio Dec. 4, 2009). Kelly has not identified Collins's successor or the representative of his estate, and the Court cannot do this for Kelly. *See Hightower v. Birdsong*, No. 15-cv-03966, 2017 WL 3782691, at *3 (N.D. Cal. Aug. 31, 2017) (explaining that plaintiff needed "to use the correct name of the legal representative of [deceased] Defendant" in motion to substitute under Rule 25(a)(1) and declining to do that on plaintiff's behalf). Accordingly, Kelly's motion to substitute must be denied. *See Jipeng Du v. Wan Sang Chow*, No. 18-cv-1692, 2019 WL 3767536, at *7 (E.D.N.Y. Aug. 9, 2019) (denying motion to substitute estate for deceased defendant where plaintiff had failed to name the representative of the estate); *see also Wilcox*, 2009 WL 4730223, at *2 (denying motion to substitute beneficiary of estate for deceased defendant where plaintiff had not identified executor of the estate).

## II.    Rules 4(m) and 41(b)

It has been well over a year since Kelly was made aware of Collins's death, and neither Collins nor a proper representative of his estate has been served with the complaint in this action and Kelly still has not filed a proper motion to substitute under Rule 25(a)(1). The Court must therefore determine whether dismissal without prejudice of Kelly's claim against Collins is appropriate.

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court must extend the time for service

3

upon a showing of good cause, and the Court may exercise its discretion to permit late service even where a plaintiff has not shown good cause. Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment (explaining that Rule 4(m) "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service . . . and authorizes the court to [grant relief] . . . even if there is no good cause shown"); *see also Henderson v. United States*, 517 U.S. 654, 662 (1996); *DeVane v. Hannah*, No. 3:11-cv-00389, 2011 WL 5916433, at *2 (M.D. Tenn. Nov. 28, 2011). Absent either showing, the language of Rule 4(m) mandates dismissal, either on motion or sua sponte. Fed. R. Civ. P. 4(m); *see also Byrd v. Stone*, 94 F.3d 217, 219 & n.3 (6th Cir. 1996). In light of this plain language, it is well established that Rule 4(m) empowers a court to dismiss complaints without prejudice "upon the court's own initiative with notice to the plaintiff." *Hason v. Med. Bd. of Cal.*, 279 F.3d 1167, 1174 (9th Cir. 2002); *see also Friedman*, 929 F.2d at 1155 n.4 (noting that "the issue of ineffective service of process may be raised sua sponte").

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the Court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid

unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363).

Kelly will be ordered to show cause why his claim against Collins should not be dismissed without prejudice for failure to timely effect service of process under Rule 4(m) or for failure to prosecute under Rule 41(b).

**III.     Conclusion**

For the foregoing reasons, Kelly's motion to substitute (Doc. No. 44) is DENIED. Kelly is ORDERED TO SHOW CAUSE by May 4, 2020, why his claim against Collins should not be dismissed without prejudice for failure to effect service of process under Rule 4(m) or for failure to prosecute under Rule 41(b). Kelly is warned that failure to comply with this Order will likely lead to a recommendation that his claim against Collins be dismissed without prejudice.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge