**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | |
|---|---|
| **TIMOTHY E. KELLY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Case No. 3:17-cv-01597** |
| ) | **Judge Aleta A. Trauger** |
| **DINA KULENOVIC** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM and ORDER

The magistrate judge issued a Report and Recommendation ("R&R") (Doc. No. 56) on February 18, 2020, recommending that the Motion for Summary Judgment (Doc. No. 48) filed by defendants Dina Kulenovic and Amanda Hinds[1] be granted and that several Motions for Judgment on the Pleadings (Doc. Nos. 35, 37, 42) be found moot. Now before the court is *pro se* plaintiff Timothy Kelly's "Response" to the R&R (Doc. No. 62), which the court construes as objections. For the reasons set forth herein, the court will overrule the objections, grant the defendants' Motion for Summary Judgment, and deny as moot the parties' Motions for Judgment on the Pleadings.

The court will also vacate the previously entered Order entering judgment, as the plaintiff's Motion for Substitution of Parties (Doc. No. 44) has not been ruled on and the claims against one defendant, Mark Collins, technically remain pending. The matter will remain on referral to the magistrate judge for entry of a Report and Recommendation regarding the

---

[1] This defendant's last name is spelled "Hynes" in the Complaint, but subsequent filings establish that "Hinds" is the correct spelling. (*See, e.g.*, Doc. No. 11.)

disposition of the Motion for Substitution of Parties.

## I. FACTUAL AND PROCEDURAL HISTORY

The court presumes familiarity with the R&R and adopts in its entirety the comprehensive statement of undisputed facts set forth therein. (Doc. No. 56, at 2–14.) The court summarizes here only those facts and events strictly relevant to the plaintiff's objections.

The plaintiff, proceeding *pro se* and *in forma pauperis*, initiated this lawsuit on December 21, 2017, while he was incarcerated at the Morgan County Correctional Center ("MCCC"), by filing a Complaint asserting claims under 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"), alleging that medical providers and correctional officers at MCCC and Riverbend Maximum Security Institution ("RMSI"), including RMSI Clinical Director Dr. Dina Kulenovic, MCCC Mental Health Supervisor Amanda Hinds, Dr. Mark Collins, and MCCC Warden Shawn Phillips, had been deliberately indifferent to his serious medical needs and had retaliated against him for filing grievances. (Doc. No. 1.) He alleges very generally that (1) he has suffered from severe mental illness since he was a young child; (2) while he was incarcerated at RMSI in 2017, defendant Kulenovic ignored his condition and failed to provide correct care; and (3) after he was transferred to MCCC, he was placed in "harsh SuperMax confinement," which the defendants knew or should have known was not suitable for him. (*Id.* at 2–3.)

The court entered an initial order granting the plaintiff leave to proceed *in forma pauperis*, dismissing the retaliation and ADA claims for failure to state a claim for which relief may be granted, and allowing the § 1983 claims for deliberate indifference to proceed. The matter was referred to the magistrate judge. (Doc. Nos. 6, 7.)

The magistrate judge subsequently entered a Report and Recommendation,

recommending that defendant Shawn Phillips's Motion to Dismiss be granted. (Doc. No. 30.) The plaintiff filed no objections, and the court accepted the recommendation and granted that Motion. (Doc. No. 31.)

Service of process on defendant Mark Collins was returned unexecuted on the grounds that this defendant is deceased. The magistrate judge notified the plaintiff that, if he intended to prosecute his claims against Collins's estate, he must file a proper motion to substitute, under Rule 25(a)(1) of the Federal Rules of Civil Procedure, no later than February 25, 2019. (Doc. No. 29.) The plaintiff did not file a timely motion to substitute, and the magistrate judge ordered him to show cause why his claims against Collins should not be dismissed. (Doc. No. 39.) Kelly requested an extension of the deadline for showing cause, which the magistrate judge granted, allowing him until October 16, 2019 to show cause why the claims against Collins should not be dismissed. (Doc. No 41.) On October 6, 2019, the plaintiff filed a Motion for Substitution of Parties, in which he also explains that the delay in filing the motion was due to his having been on suicide watch from January through June 2019, during which time he was unable to prosecute his claims in this lawsuit. (Doc. No. 44.) That motion remains pending.

Defendant Hinds filed a Motion for Judgment on the Pleadings and supporting Memorandum in April 2019, arguing that the Complaint failed to allege sufficient facts to state a claim for deliberate indifference against her. (Doc. Nos. 35, 36.) Two months later, Hinds and Kulenovic jointly filed a Motion for Judgment on the Pleadings and supporting Memorandum, arguing that the claims against them should be dismissed under 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies. (Doc. Nos. 37, 38.) Although the plaintiff initially failed to file a timely response to either motion, the magistrate judge ultimately found that he had shown good cause for that failure and granted him until October 16, 2019 to respond. (Doc. No. 41.) On

October 7, 2019, Kelly filed his own Motion for Judgment on the Pleadings and Memorandum (Doc. Nos. 42, 43), which the magistrate judge construed as a response to the defendants' motions.

The magistrate judge also notified the parties that, in light of the parties' reliance on documents outside the pleadings, the defendants' joint Motion for Judgment on the Pleadings would be treated as a motion for summary judgment in accordance with Rule 12(d). The magistrate judge allowed the parties to file any additional briefing and evidence required by the conversion of the motion into one for summary judgment. (Doc. No. 47.)

Thereafter, Kulenovic and Hinds filed a Motion for Summary Judgment (Doc. No. 48), Memorandum of Law (Doc. No. 49), Statement of Undisputed Material Facts (Doc. No. 50), and various exhibits (Doc. Nos. 49-1 through 49-6). Kelly filed a Response in opposition to the motion (Doc. No. 53), but he did not respond to the Statement of Undisputed Material Facts. The defendants filed a Reply. (Doc. No. 54.)

The magistrate judge issued the R&R on February 18, 2020. The R&R specifically finds that the defendants are not entitled to summary judgment based on the plaintiffs' purported failure to exhaust administrative remedies. In addressing the merits of the plaintiff's deliberate indifference claims against Kulenovic and Hinds, the R&R first finds that the defendants failed to establish the absence of a factual dispute regarding the seriousness of the plaintiff's mental health needs. That is, the court found a material factual dispute as to the objective component of the plaintiff's Eighth Amendment claim—whether he suffered an objectively serious medical condition. The R&R nonetheless concludes that the defendants are entitled to summary judgment in their favor, because the undisputed evidence does not establish that they were deliberately indifferent to the plaintiff's mental health needs. (Doc. No. 56.)

## II.     THE PLAINTIFF'S OBJECTIONS

Although the R&R specifically notified the plaintiff that he had fourteen days within which to file objections, he did not file any objections within that time frame. On March 4, 2020, the court therefore entered an Order accepting the R&R and dismissing the claims against Kulenovic and Hinds. (Doc. No. 57.) However, in a filing dated March 1, 2020—within the fourteen-day period but not received by the court until March 6, 2020[2]—the plaintiff filed a motion requesting a thirty-day extension of the deadline for responding to the R&R. (Doc. No. 58.) The court granted that motion but did not expressly vacate the previously entered Order of dismissal. (Doc. No. 60.) The plaintiff was given until April 10, 2020 to file his objections.

The plaintiff filed his objections to the R&R on April 1, 2020. (Doc. No. 62.) In the objections, the plaintiff argues as follows:

(1) The plaintiff suffered from serious and persistent mental illness, as defined by TDOC Policy # 113.87, and his eTOMIS disciplinary record, available online and attached to the plaintiff's filing, shows numerous episodes of self-mutilation dating from 2015 through 2017. (*Id.* at 2; *see also id.* at 6–9.)

(2) Under Policy # 113.87, the plaintiff's serious mental illness impaired his judgment and capacity to cope with the ordinary demands of life within a correctional environment and necessitated an individualized treatment plan. (*Id.* at 3.)

(3) Under Policy # 113.87, his treatment plan should have been "based on [his] ability to function in general Population, as determined by the results of Mental Health Evaluation," and

---

[2] Because the plaintiff is incarcerated, the motion is subject to the prison-mailbox rule and deemed filed the day it was submitted to prison authorities for filing, rather than on the day it was received by the court, and, "absent contrary evidence," the court presumes that the document was delivered to prison authorities the date it was signed. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).

was required to provide for "appropriate services either as an outpatient living in general Population, as a resident in a supporting living environment, or as a patient receiving crises stabilization services." (*Id.*)

(4) Defendant Kulenovic "did violate the Eighth Amendment with actions of deliberate indifference to [Kelly's] mental health needs," as the eTOMIS disciplinary report printed on March 19, 2020 "clearly shows several self mutilation reports from (2015)–(2017)," giving rise to the question of "why was [Kelly] allowed to go such [a] long period of a major mental illness with impaired reality, of the displaying of persistent behavior dysfunction, resulting in the cutting of both left and right 'AC' area of [his] arms, sometimes walls within the inside of cell would be covered in blood." (*Id.* at 3–4.) The plaintiff insists that there are "documents that could prove" his allegations, if the court had granted his motion requesting records, "also enclosed." (*Id.* at 4.)

(5) Defendant Hinds placed the plaintiff in "supermaxfull living condition," contrary to the recommendations of the National Commission on Correctional Healthcare. (*Id.*)

(6) The plaintiff requests that the court reject the R&R and allow the plaintiff to present additional documentation to disprove the allegations brought against him by Kulenovic and Hinds. (*Id.* at 5.)

The court construes the plaintiff's argument as positing the following objections to the R&R: (1) the plaintiff's mental illness constitutes an objectively serious medical need; (2) the eTOMIS reports of his self-mutilation episodes constitute evidence in support of his claim that Kulenovic was deliberately indifferent to the plaintiff's serious medical needs; (3) Hinds was responsible for placing him in "Supermax," which constituted cruel and unusual punishment; and (4) the plaintiff should have been allowed to conduct additional discovery.

In their Response to Plaintiff's Objections, the defendants argue that the plaintiff's objections do not address the undisputed facts or establish a question of fact as to whether the defendants acted with deliberate indifference; the disciplinary reports from 2013 to 2018 only show one instance of self-mutilation during the relevant time frame and do not mention anything regarding the mental health care and treatment the plaintiff received from the defendants; the plaintiff fails to establish that Hinds placed him in "Supermax" confinement or even has the authority, as a mental health professional, to place an inmate in such confinement. Regarding the plaintiff's objection to his inability to discover his medical records, the defendants argue that the plaintiff had over two years to conduct discovery but failed to do so, despite demonstrating his ability to engage in the discovery process. (Doc. No. 63, at 2–3.)

### III. STANDARD OF REVIEW

Any party has fourteen days after being served with a magistrate judge's recommended disposition of a dispositive motion to "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The district court must review *de novo* any portion of the report and recommendation to which objections are "properly" lodged. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B) & (C). An objection is "properly" made if it is sufficiently specific to "enable[] the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

## IV. DISCUSSION

As the magistrate judge explained in the R&R, the government has a constitutional obligation to provide medical care for the individuals it incarcerates, and "deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). However, to succeed on a constitutional claim of inadequate medical care claim under 42 U.S.C. § 1983, the plaintiff must show more than a mere disagreement with the adequacy of the care he was provided at the jail or prison where he is incarcerated.

Rather, he must show: (1) that he had an objectively serious medical need, *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001); and (2) that the prison official sued had a sufficiently culpable state of mind, in other words, that the official acted with "deliberate indifference" to the serious medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). This is a high standard and is not satisfied by a showing of mere negligence. *See Estelle*, 429 U.S. at 105 ("[A]n inadvertent failure to provide adequate medical care cannot be said to constitute" a violation of the Eighth Amendment); *Comstock*, 273 F.3d at 703. More than evidence of medical malpractice or negligence is required because the subjective requirement acts "to prevent the constitutionalization of medical malpractice claims." *Comstock*, 273 F.3d at 703.

The magistrate judge found that the plaintiff, at the very least, showed the existence of a material factual dispute as to the first component—whether the plaintiff had an objectively serious medical condition. She also found, however, that the plaintiff failed to show a material factual dispute as to whether either defendant was, as a subjective matter, deliberately indifferent to that serious medical need.

Thus, insofar as the plaintiff is objecting to the R&R by arguing that his mental illness constitutes an objectively serious medical need, that objection is beside the point, because the magistrate judge did not find otherwise.

Second, the eTOMIS reports showing that the plaintiff was disciplined for self-mutilation do not constitute evidence of deliberate indifference on the part of Kulenovic, because they say nothing about Kulenovic's response to his condition. The record establishes that Kulenovic treated the plaintiff or assessed his condition on numerous occasions during the first half of 2017, prior to his transfer to MCCC. Even viewed in the light most favorable to the plaintiff, the available evidence does not create a genuine issue of material fact as to whether Kulenovic acted with deliberate indifference toward the plaintiff's health needs or as to whether she knew of, but disregarded, a substantial risk of harm to the plaintiff. Moreover, as the defendants point out, the eTOMIS reports submitted by the plaintiff document only one disciplinary action for self-mutilation during 2017 (*see* Doc. No. 62, at 7), the time frame relevant to the plaintiff's Complaint, compared to eight incidents in 2015 and 2016 (*see id.* at 8–9), thus suggesting that his treatment under Kulenovic had improved in 2017, leading to fewer episodes of self-mutilation.

Third, the plaintiff's unsupported assertion that Hinds was responsible for placing him in "Supermax," does not constitute evidence. As the magistrate judge found, there is no evidence in the record that Hinds had any participation in Kelly's treatment or his placement in "Supermax." (Doc. No. 56, at 28.) The plaintiff has failed to point to any evidence in the record calling the magistrate judge's determination into question.

Finally, the plaintiff appears to be requesting to be allowed to conduct additional discovery. The court is unaware of any previous requests for additional discovery and his request now comes too late.

The court finds, in sum, that none of the plaintiff's objections has merit.

## V. CONCLUSION AND ORDER

The court hereby **VACATES** the prior order accepting the R&R and dismissing the case in its entirety (Doc. No. 57).

For the reasons set forth herein, the plaintiff's objections (Doc. No. 62) to the R&R (Doc. No. 56) are **OVERRULED**. The court **ACCEPTS** in their entirety the findings of fact and conclusions of law set forth in the R&R. The Motion for Summary Judgment filed by defendants Dina Kulenovic and Amanda Hinds (Doc. No. 48) is **GRANTED**, and the claims against those two defendants are **DISMISSED**. The parties' Motions for Judgment on the Pleadings (Doc. Nos. 35, 37, 42) are **DENIED AS MOOT**.

The claims against defendant Mark Collins technically remain pending. The matter will remain on referral to the magistrate judge to enter a Report and Recommendation regarding the disposition of the plaintiff's Motion for Substitution of Parties (Doc. No. 44).

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge